```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA


PAETEC COMMUNICATIONS, INC.,            )
                                        )
One PAETEC Plaza                        )
600 Willowbrook Office Park             )
Fairport, New York 14450                )
(585)340-2500                           )
                                        )
                                        )   Civil Action No.
            Plaintiff,                  )
                                        )
      vs.                               )
                                        )
SNET DIVERSIFIED GROUP, INC., a/k/a     )
SNET PRIME AXXESS,                      )
                                        )
310 Orange Street                       )
New Haven, Connecticut 06510            )
(203)634-6363                           )
                                        )
                                        )
            Defendant                   )
                                        )
```

**COMPLAINT**

Plaintiff PAETEC Communications, Inc., (hereinafter referred to as "PAETEC") by and through its attorney Jeffrey J. Binder, Esquire, The Watergate, 2510 Virginia Avenue, N.W., Washington, D.C. 20037, (202)965-0199, hereby files its complaint against SNET Diversified Group, Inc., a/k/a SNET PRIME Axxess (hereinafter referred to as "SNET"). In support of its Complaint, PAETEC states as follows:

**PARTIES**

1. Plaintiff PAETEC is a corporation organized under the laws of the State of Delaware with its principal place of business located at One PAETEC Plaza, 600 Willowbrook Office Park, Fairport, New York. PaeTec is engaged in the business of providing telecommunications services in, among other places, the District of Columbia.

2. Defendant SNET is a corporation organized under the laws of the State of Connecticut with headquarters located at 310 Orange Street, New Haven, Connecticut. SNET is engaged in the business of providing, *inter alia,* interstate and intrastate telecommunications services and telecommunications related services in the District of Columbia and other states including, *inter alia*, Maryland, Virginia, Pennsylvania, New Jersey, New York, Rhode Island, and Massachusetts.

**JURISDICTION AND VENUE**

3. This court has subject matter jurisdiction herein pursuant to 28 U.S.C.§§ 1331 and 1337 because it arises out of federal law, the Communications Act of 1934, as amended, 47 U.S.C. § 151 et seq., and federal tariffs filed with the Federal Communications Commission.

4. This court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. 1367.

5. This court has personal jurisdiction over SNET because SNET is engaged in the systematic and continuous conduct of business in the District of

2

Columbia. SNET has provided and does provide telecommunications and telecommunications related services in the District of Columbia. SNET offers, *inter alia,* SS7 Intelligent Network and Database services to, *inter alia,* wireless and wireline telecommunications providers. SNET's service offerings include gateway routing of call set-up and wireless roaming messages, wireless calling name delivery, and LIDB/CNAM, number portability, and toll-free database services. SNET also provides data gateway services for VoIP providers, subscriber information record storage, SOA Service Bureau, Enhanced Operator Services, and FGD terminations. SNET purposefully availed itself of the privilege of conducting business activities in the District of Columbia and is registered to do business in the District of Columbia as a foreign business corporation. SNET has a registered agent within the District of Columbia. SNET's conduct in connection with the District of Columbia required it reasonably to anticipate that it would be subject to the jurisdiction the courts in the District of Columbia.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 in that the Defendant SNET resides in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred within this district.

**FACTS COMMON TO ALL CLAIMS**

7. PAETEC is engaged in the business of providing, *inter alia*, telecommunications services. These services include, but are not limited to, interstate and intrastate exchange access and exchange services.

8. At all times relevant to this action, SNET was engaged in providing telecommunications services and telecommunications related services which included the purchase from PAETEC and use of such services as described in paragraph seven (7) above.

9. In or about 2000 to the present, PAETEC provided various telecommunications services including, but not limited to, interstate, intrastate and local telecommunications to SNET pursuant to, *inter alia*, various agreements and the applicable tariffs.

10. PAETEC invoiced SNET monthly for such services purchased by SNET.

11. PAETEC's charges for the services were in compliance with all applicable tariffs and agreements.

12. However, despite receiving notice of their delinquency, SNET failed to pay the amounts owing which amounts exceed sixty-five thousand five-hundred and seventy dollars ($65,570). In addition, SNET owes PAETEC late payment fees calculated at 1.5% per month per the applicable agreements and tariffs.

13. Pursuant to the terms of the agreement and applicable tariffs, SNET is responsible for any fees or expenses, including attorneys' fees, in collecting or attempting to collect, any charges owed in accordance with the agreement.

14. PAETEC reserves the right to amend its claims to include any additional charges that may be owed by SNET and such attorneys' fees, costs, expenses and interest as may be allowed by law.

**COUNT I**

**Breach of Contract**

15. The allegations set forth in paragraphs 1 through 14 above are incorporated herein by reference.

16. SNET has received telecommunications services from PAETEC pursuant to various contracts and has not paid for such services.

17. As a direct and proximate result of SNET's breach of the contracts, PAETEC has suffered significant monetary damages exceeding sixty-five thousand five-hundred and seventy dollars ($65,570). In addition, SNET owes PAETEC late payment fees calculated at 1.5% per month per the applicable agreements and tariffs.

.

WHEREFORE, Plaintiff PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC against SNET for damages, plus an award of attorneys' fees, costs, expenses and prejudgment interest and post-judgment

5

interest, and such additional and further relief as the Court may deem just or proper.

## COUNT II

### Alternative Claim for Breach of Contract

18. The allegations set forth in paragraphs 1 through 17 above are incorporated herein by reference.

19. PAETEC filed various tariffs with the Federal Communications Commission and the Public Service Commission of the District of Columbia and other state commissions including, but not limited to, Maryland, Virginia, Pennsylvania, New Jersey, New York, Rhode Island, and Massachusetts ("tariffs").

20. The tariffs describe the rates and services offered by PAETEC to their customers and contain rules, regulations and rates pursuant to which such telecommunications services are rendered.

21. In accepting the telecommunications services provided by PAETEC, SNET undertook and assumed an obligation to make all payments due to PAETEC in accordance with the terms of the tariffs.

22. Because SNET has failed to pay for services provided to it by PAETEC, SNET is in breach of the tariffs.

23. As a direct and proximate result of SNET's breach of these agreements and the tariffs, PAETEC has suffered significant monetary damages exceeding sixty-five thousand five-hundred and seventy dollars ($65,570). In addition,

6

SNET owes PAETEC late payment fees calculated at 1.5% per month per the applicable agreements and tariffs.

24. Pursuant to the terms of the agreement and applicable tariffs, SNET is responsible for any fees or expenses, including attorneys' fees, in collecting or attempting to collect, any charges owed in accordance with the agreement.

 WHEREFORE, Plaintiff PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC and against SNET for damages, plus an award of attorneys' fees, costs, expenses and prejudgment and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

### COUNT III

### Alternative Claim for Quantum Meruit

25. The allegations set forth in paragraphs 1 through 24 above are incorporated herein by reference.

26. In the event that it is determined that no agreement existed in fact or at law between PAETEC and SNET, then, in the alternative, it is averred that PAETEC, at SNET's request, and with SNET's knowledge, acquiescence and acceptance, provided to SNET the services described above.

27. In the course of providing such services, PAETEC necessarily incurred various costs, charges, labor, use of its equipment and facilities and expenses.

28. SNET has refused, despite demand, to pay the fair value for the services furnished, although payment is past due.

WHEREFORE, Plaintiff PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC and against SNET for damages, plus an award of attorneys' fees, costs, expenses and prejudgment and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

**COUNT IV**

**Alternative Claim for Unjust Enrichment**

29. The allegations set forth in paragraphs 1 through 28 above are incorporated herein by reference.

30. SNET obtained from PAETEC the above-described telecommunications services. ICG received benefit therefrom and failed to make PAETEC proper payment or restitution to PAETEC for the services and benefits received.

31. SNET has been unjustly enriched at the expense of PAETEC.

32. SNET's actions constitute an unjust retention of a benefit owed to PAETEC, which is contrary to the principles of equity and justice.

33. WHEREFORE, Plaintiff PAETEC respectfully requests that this Court enter a judgment in favor of PAETEC and against SNET for damages, plus an award of attorneys' fees, costs, expenses and prejudgment and post-judgment interest, and such additional and further relief as the Court may deem just and proper.

```
                                        Respectfully submitted


                                         /s/ Jeffrey J. Binder
                                         Jeffrey J. Binder, Esq.
                                         D.C. Bar #475821
                                         The Watergate
                                         2510 Virginia Avenue, NW
                                         Washington, D.C.  20037
                                         j.j.binder@verizon.net

                                         Attorney for PAETEC
                                         Communications, Inc.


                       Dated this 20th day of February, 2007
```

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS** _CAVTEC COMMUNICATIONS INC._

**DEFENDANTS** _ONET DIVERSIFIED GROUP INC. a/b/a ONET PRIME AXXESS_

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _88888_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
_JEFFREY J. BINDER, ESQ_
_2510 VIRGINIA AVE N.W._
_WASHINGTON, D.C. 20037_

CASE NUMBER   1:07CV00371

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Contract

DATE STAMP: 02/21/2007

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP FOR PLAINTIFF**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G.** *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **I.** *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **J.** *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☒ **M.** *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N.** *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. §§ 1331, 1337, 1367; 47 U.S.C. §151 et seq. Breach of Contract/Tariff for telecom services provided by plaintiff

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint    JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO    If yes, please complete related case form.

DATE 2/21/07    SIGNATURE OF ATTORNEY OF RECORD _____

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.